F I L E D
United States Court of Appeals
Tenth Circuit

FEB 16 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MARK KEVIN PRESGROVE,

      Petitioner-Appellant,

v.

REGINALD HINES,

      Respondent-Appellee.

No. 99-6229
(D.C. No. 99-CV-147-W)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Mark Kevin Presgrove was convicted in Oklahoma
state court of unlawful possession of methamphetamine, after former conviction
of two or more felonies. He was sentenced on May 2, 1995, and his direct appeal
to the Oklahoma Court of Criminal Appeals was denied on March 26, 1996. On
May 24, 1996, Presgrove filed a state habeas petition, which was dismissed the

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

same day for want of jurisdiction. On June 8, 1998, Presgrove filed another state habeas petition, which was denied on June 22, 1998. His appeal of that decision was denied on August 13, 1998. Presgrove filed the present habeas petition in federal court on February 2, 1999. The district court, adopting the findings and recommendations of the magistrate, denied the petition as untimely filed under the statute of limitations set forth under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(d)(1)(A). The district court declined to issue a certificate of appealability on this or any other issue.

Presgrove now seeks a certificate of appealability from this court regarding the timeliness of his federal habeas petition. He asserts both that AEDPA does not apply to his petition, and that we should equitably toll the limitations period to preserve his petition. For substantially the same reasons identified in the magistrate's report and recommendation, it is clear that Presgrove did not file the instant petition within the one-year limitations period prescribed by AEDPA. In addition, Presgrove's arguments that AEDPA should not apply and that he should receive equitable tolling of the limitations period are without merit.

We therefore deny Presgrove's request for a certificate of appealability. The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 2 -